## COX *v.* LOS ANGELES & SALT LAKE RAILROAD
### COMPANY Et Al.

No. 3126

June 10, 1936.

For former opinion, see 56 Nev. 472.

*Leo A. McNamee, Frank McNamee, Jr., Brown & Belford,* and *Malcolm Davis,* for Appellants.

*Chas. Lee Horsey,* for Respondent.

## OPINION

By the Court, TABER, J.:

■ If plaintiff, before crossing any of the four tracks, had brought his truck and its motor to a full stop so he could listen effectively, the petition for rehearing might present a more serious question than, in our opinion, it does. But from whatever angle this case be viewed, the conclusion that plaintiff took an unnecessary chance which an ordinarily prudent person would not have taken, seems inescapable. If no danger was to be anticipated on tracks 1, 2, and 3, or any of them, it would have been the duty of plaintiff, as an ordinarily prudent man, to drive the truck under such control that, upon emerging from the westerly overhang of track 2, he could easily have stopped before the front end of the truck reached the easterly overhang of track 4. If on the other hand danger was to be expected from tracks 1, 2, and 3, or any of them, plaintiff, knowing that he would not be able to look to the south before emerging from the westerly overhang of track 2, was in duty bound, as a man of ordinary prudence, to bring the truck and its motor to a full stop so that he could listen effectively before advancing upon any of the tracks.

We have not lost sight of the rules that the burden of proving contributory negligence on the part of plaintiff was upon the defendants; that the question of plaintiff's negligence is generally one for the trial court; and that a finding of the lower court will not be disturbed unless it is clear that a wrong conclusion has been reached.

■ Whether there should be a change in the rule that plaintiff's contributory negligence, if a proximate cause of the injuries, will preclude a recovery in a case where the defendant also was negligent, is a question for the legislature. See 45 C. J., secs. 538, 596, 597, 598.

The petition for rehearing is denied.